**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROGER DOAN, )<br>)<br>       Plaintiff, )<br>)<br>  vs. )<br>)<br>LINDA S. MCMAHON, Acting Commissioner )<br> of the Social Security Administration, )<br>)<br>       Defendant.¹ ) | 1:05-cv-841-SEB-VSS |

**Entry Discussing Complaint for Judicial Review**

Roger Doan ("Doan") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **remanded** for further proceedings.

## I. BACKGROUND

Doan applied for SSI and DIB on September 13, 2002, alleging an onset date of June 24, 2002. His applications were denied initially and upon reconsideration. His request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on March 24, 2004. Doan was present, accompanied by his attorney. Medical and other records were introduced into evidence. Doan, two medical experts and a vocational expert ("VE") testified.

The ALJ denied Doan's applications on July 12, 2004. On April 15, 2005, the Appeals Council denied Doan's request for review of the ALJ's decision, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over Doan's complaint pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure*, Linda S. McMahon, in her official capacity only, is substituted as the defendant in this action.

The ALJ's decision included the following findings: (1) Doan had not engaged in substantial gainful activity since June 24, 2002, his alleged onset date, and he was insured for DIB on that date and remained insured through December 31, 2006; (2) Doan had "severe" impairments, specifically obesity and torn, bulging discs at the lower two levels of his lumbar spine; (3) Doan did not have an impairment or combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments; (4) Doan's testimony and statements about the intensity, persistence and limiting effects of his impairments were not reasonably consistent with the underlying objective medical evidence and other evidence; (5) Doan had the residual functional capacity ("RFC") for medium, light, and sedentary work; (6) Doan's RFC required no task inconsistent with his past relevant work driving a truck to haul and then unload trash; and (7) Doan was not disabled at step four of the sequential evaluation procedure, or in the alternative was not disabled at step five at any exertional level. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Doan was not "disabled" as defined in the Act and was not eligible for SSI based on the applications filed on September 13, 2002.

## II.  DISCUSSION

### A.  Applicable Law

To be eligible for disability benefits, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1).

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error.

2

*Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.   Analysis

The ALJ determined that although Doan had severe impairments, he was able to perform medium, light and sedentary work and was not disabled at step four or at step five of the sequential evaluation procedure. Doan argues that the ALJ's decision is not supported by substantial evidence.

Doan first argues that the ALJ improperly evaluated the opinion of medical expert Dr. Hutson. When asked if, based on the record, he had an opinion as to Doan's functional capacity, Dr. Hutson, a board certified orthopaedic physician, testified as follows:

> I really believe with a two level degenerative disk disease and a lower lumbar spine and as symptomatic as this man is that he would be able to do only sedentary work, Your Honor, but he'd have to have a sit/stand option not to leave the work station. I would avoid repetitive twisting. I would avoid concentrated exposure of cold, heat, wetness, humidity, vibration, (INAUDIBLE) vibration, body vibration or heights or hazardous areas. Obviously at sedentary work there would be no ladders, ropes or scaffolds.

(R. at 64).

The ALJ stated that Dr. Hutson gave Doan a sedentary capacity "on the sole basis of his pain." (R. at 27). "Since there is no objective way to measure pain, Dr. Hutson's opinion neither finds support in the objective evidence, nor is consistent with the other evidence in the record that fails to restrict the claimant's activities, and certainly not to the extent of a sedentary functional capacity." *Id.* The ALJ concluded that Dr. Hutson's opinion "cannot be given serious consideration. Not only is it not supported by objective findings, but it is inconsistent with the evidence from the claimant's treating sources who have had the opportunity to examine and treat the claimant outside of a forensic atmosphere." *Id.* The ALJ repeated that Dr. Hutson "grounded his RFC only in the claimant's alleged pain." (R. at 28).

The ALJ does not explain what evidence from treating sources was inconsistent with the opinion of Dr. Hutson. The ALJ did note that neither of the treating sources had assigned Doan "any specific or limiting restrictions, notwithstanding his complaints of pain." (R. at 27). There is no indication, however, that the treating sources were asked to complete any RFC assessment. At the relevant times Doan saw his physicians, he was not working. Unless asked, it is not reasonable to infer from a lack of work activity restrictions

3

in a patient's chart that a treating physician intended that none would be appropriate. Treating physicians treated Doan for pain. They prescribed narcotic and non-narcotic pain medications, physical therapy, a TENS unit, injections, and a cane, as well as weight loss and exercise. They considered whether surgery was warranted and concluded that it was not. Moreover, Dr. Hutson did not base his opinion solely on Doan's complaints of pain. Dr. Hutson referenced the fact that Doan had two level degenerative disc disease in his lower lumbar spine. (R. at 64).  He noted that an MRI showed a right sided postural lateral annular tear with a bulge at L5, S1 and that there was some contact with the right S1 nerve root and an annular tear at L4, 5.  (R. at 61).  Although he stated that an MRI did not show loss of function, his opinion clearly was that given Doan's diagnoses and testing and symptoms, he should be restricted to sedentary work with other limitations. Dr. Hutson acknowledged that two RFC assessments were of record, one by the State Agency physicians indicating Doan could do medium level work, and one completed by a physical therapist after testing Doan's abilities, finding that Doan could perform only sedentary work. (R. at 63). Dr. Hutson noted that one treating physician had noted a positive straight leg raising on both sides and that there was evidence of sciatic nerve irritation, with no apparent loss of sciatic function. (R. at 62). As admitted by the ALJ, there is no objective way to measure pain, and to reject an orthopaedic specialist's opinion in favor of the State Agency physicians' opinion, neither of whom were orthopaedic specialists, is not supported by substantial evidence under these circumstances.[2]

Doan also argues that the ALJ improperly discredited the functional capacity evaluation ("FCE") that was completed in December of 2002. (R. at 28).  The ALJ opined that the functional level assessed, significantly less than medium work, "most likely does not represent his highest level of functioning." *Id.*  The ALJ provides, however, no reasonable explanation for this conclusion. In fact, the ALJ acknowledged that the therapist who administered the test stated that Doan "gave full effort." *Id.*  The tester, in fact, noted that Doan "did demonstrate a full and consistent effort today through most of the test." (R. at 104).  The ALJ stated that the tester "without offering any explanation, [] acknowledged his grip strength 'was not consistent from one test to the next.'" (R. at 28). Inconsistent grip strength has no bearing on an individual's ability to lift, carry, sit, stand and walk, nor does it necessarily indicate a lack of effort as opposed to any other explanation, such as fatigue or pain. The ALJ's conclusion that Doan did not give his full effort for the FCE is contradicted by the person administering the test, and is not otherwise supported by substantial evidence.

Doan further contends that the ALJ erred in determining his credibility. Doan correctly points out that the ALJ had "skepticism" of Doan's credibility based, in part, on Doan's stated need for a cane and his testimony that a physician had prescribed the cane. (R. at 28). The ALJ stated that "there is no mention of such a prescription in his treatment records." *Id.*  This statement is simply false, as a copy of the prescription for a cane, written

---

[2] Doan also asserts that the State Agency physicians failed to consider his obesity in determining his RFC and that the ALJ failed to reduce the RFC on that basis. On remand, the ALJ shall make clear how he has weighed Doan's obesity in determining his RFC.

by Dr. Mathison, dated September 23, 2002, is in the record. (R. at 118-119). The prescription states that Doan "suffers from weakness and instability. The use of a cane will aid ambulation." (R. at 119). The ALJ also relied on the fact that at times Doan used a cane and at other times he walked unaided. (R. at 28). No medical source, however, opined that this negated Doan's complaints that he was unstable and weak in the lower extremities. In addition, Doan points out that the Social Security field office report indicated that Doan used a cane, he sat for 10 minutes and then stood up for 3-4 minutes. (R. at 89).

The ALJ also concluded that Doan made inconsistent reports concerning whether he experienced pain relief from physical therapy. (R. at 28). Two records cited by the ALJ state "he's recently started P. T. and he seems to be doing well on it," (R. at 180), and "low back feeling a little better." (R. at 290). The third record, however, is the therapy discharge summary which states that after 11 sessions Doan's reported pain was "sharp and throbbing," it decreased from an "8/10" to a "6.5/10," and he was being discharged "secondary to patient not improving with treatment." (R. at 293). The report indicated that Doan had "expressed some decrease in symptoms with treatment, however, these symptoms returned upon weight bearing activities." *Id.* In sum, the evidence cited by the ALJ does not support his determination that Doan had reported "pain relief from physical therapy," at least not to the extent that Doan reported no pain or significant relief. In addition, his statements concerning physical therapy were not inconsistent. Although an ALJ's credibility assessment is generally entitled to deferential review, the ALJ "must still 'build an accurate and logical bridge between the evidence and the result.'" *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006). For the reasons explained herein, the ALJ failed to build such a bridge.[3]

### III. CONCLUSION

For the reasons described, the ALJ's decision is not supported by substantial evidence and the court is required to **remand** the case to the ALJ for further consideration. *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991) (a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, a "sentence four" remand).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/24/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] On remand, the ALJ shall also make an explicit finding, based on substantial evidence, whether Doan is "illiterate" or whether his education is "limited." If Doan is found to be illiterate *and* limited to sedentary work, then the use of the grid would be dispositive in this case.